UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:20-cr-172 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| TRAYNAL LENONE SHERRELL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Traynal Lenone Sherrell ("Sherrell") to reinstate bond. (Doc. No. 56.) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 57.) For the reasons that follow, Sherrell's motion is DENIED.

**I.   BACKGROUND**

On March 4, 2020, an indictment was returned charging Sherrell with one count of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii).[1] (Doc. No. 1.) Following his arrest and arraignment in the Northern District of Ohio, Sherrell was released on bond, with conditions, pending trial. (Minutes of Proceedings [non-document], 8/6/2020.) At the conclusion of a three-day jury trial, Sherrell was convicted of the charged controlled substance offense. (Doc. No. 53 (Jury Verdicts).) Additionally, the jury determined that Sherrell's offense involved 500 grams or more of a mixture or substance containing a detectable

---

[1] The case was originally assigned to the docket of the Honorable Christopher A. Boyko. The case was reassigned to the docket of the undersigned on January 3, 2023.

amount of cocaine. (*Id*. at 2.) After receiving the jury's verdicts, the Court set sentencing for June 29, 2023, and remanded Sherrell to the custody of the U.S. Marshal. (Minutes of Proceedings [non-document], 2/23/2023.)

**II.    DISCUSSION**

On April 7, 2023, Sherrell filed the present motion in which he moves the Court for bond pending sentencing, "submit[ting] to this Court that deserving of such consideration, [he] pledges to honor any conditions imposed on him in turn." (Doc. No. 56, at 1.) He represents that he "understands that he is to be sentenced to a term of mandatory incarceration and wishes only to return home for the few months remaining, so that he can wrap up his affairs and spend time with his family before beginning said term of incarceration." (*Id*.)

Release pending sentencing, as relevant here, is governed by 18 U.S.C. 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions not applicable here. Under 18 U.S.C. § 3143(a)(1), the Court:

> shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 944 does not recommend a term of imprisonment, be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

Sherrell has failed to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community. Sherrell was convicted of trafficking a substantial quantity of controlled substances, an inherently dangerous activity. Additionally, the Court is far from convinced that Sherrell will not flee. While Sherrell notes that he appeared for all pretrial and trial proceedings, he now stands convicted of a crime he concedes

carries with it a mandatory period of incarceration. He has, therefore, a much higher incentive to flee now than when he was first arrested. Additionally, Sherrell's behavior on pretrial release was far from exemplary. On December 1, 2022, a warrant was issued for his arrest on pretrial supervision violations, necessitating a hearing on the violations. At the hearing, Sherrell admitted to the violations. (Doc. No. 37-1 (Arrest Warrant); Minutes of Proceedings [non-document], 1/17/2023.) Now that he is facing a mandatory sentence, the Court finds it even less likely that Sherrell will be compliant if released on bond. Additionally, the Court notes that Sherrell previously resided in California, and, therefore, has substantial connections outside the Northern District of Ohio that could assist him in fleeing this Court's jurisdiction. Based on these facts, the Court finds that Sherrell has failed to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the community. He is, therefore, subject to detention under § 3143(a)(1).

Once detained in accordance with § 3143(a)(1), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." 18 U.S.C. § 3145(c) (emphasis added).

The Court does not find the existence of "exceptional reasons" for release. "Exceptional reasons" permitting the release of a defendant subject to detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). While the Court is sympathetic to Sherrell's desire to spend time with his family and put his affairs in order before he is sent to prison, there is an absence of any precedent for concluding that such facts amount to exceptional circumstances under

3

§ 3145(c). *See United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002) (finding that cooperation with the government, economic hardship, and hardship to family did not combine to make exceptional circumstances); *United States v. Reynolds*, No. 12-20843, 2013 WL 4744750, at *13 (E.D. Mich. Sept. 4, 2013) (concluding that even though the defendant's mother suffered from lupus requiring defendant's care, the defendant's adult daughter suffered from mental illness requiring that defendant make arrangements for her care, and that the defendant was the sole owner of a small business, these factors were insufficient to establish exceptional circumstances warranting release pending sentencing), *aff'd*, 626 F. App'x 610 (6th Cir. 2015); *United States v. Mahabir*, 858 F. Supp. 504, 508 (D. Md. 1994) (disruption of family due to incarceration not an exceptional circumstance) (collecting cases); *United States v. Bloomer*, 791 F. Supp. 100, 102 (D. Vt. 1992) (defendant's close relationship with stepdaughter and stabilizing influence on wife were not exceptional circumstances).

Ultimately, the Court finds that Sherrell has not satisfied his burden of demonstrating reasons sufficient to persuade the Court that temporary release under any statutory provision is warranted.

### III. CONCLUSION

For the foregoing reasons, Sherrell's motion for bond pending sentencing is DENIED.

**IT IS SO ORDERED**.

Dated: June 15, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT COURT**
**CHIEF JUDGE**